

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00285-CR

**LESTER BROUSSARD, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court
Walker County, Texas
Trial Court No. 25424**

## ABATEMENT ORDER

On September 23, 2014, this Court received appellant Lester C. Broussard Jr.'s pro se notice of appeal in this matter. Attached to Broussard's notice of appeal is the trial court's certification of his right of appeal, which stated that this is a plea-bargain case, but that he has the right to appeal the sentence imposed. Thereafter, on October 6, 2014, Broussard filed his pro se docketing statement, wherein he noted that he is indigent and represented on appeal by attorney Nicholas Beaty. However, to date, all filings in this Court have been from Broussard directly, though none of the filings have

been properly served on all parties to the appeal.  *See* TEX. R. APP. P. 9.5.  Additionally, the Walker County District Clerk's Office has informed this Court that Beaty represented Broussard at trial but was not appointed for this appeal.

An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in an appeal to the court of appeals.  *See* TEX. CODE CRIM. PRO. ANN. art. 1.051(d)(1) (West Supp. 2012).  We abate this appeal to the trial court to conduct any necessary hearings for a determination of appellant's indigence and whether counsel should be appointed.[1]

Any hearing should be held within 28 days of the date of this Order.  The supplemental clerk's and reporter's records required by the rule, if any, are ordered to be filed within 42 days of the date of this Order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Order issued and filed October 16, 2014
Do not publish

---

[1] Based on appellant's docketing statement, it is not clear as to whether appellant was determined to be indigent on appeal.  However, with respect to the sections pertaining to appellant's trial and appellate attorneys, appellant indicated that both were appointed.  Moreover, appellant later stated that he is currently incarcerated and has not made arrangements to pay for the clerk's and reporter's records.  These statements imply that appellant may be indigent; however, it does not appear that appellant has been appointed counsel for appeal.

